IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JULIE A. MUSSINO                                                                  PLAINTIFF

V.                                        NO. 14-5032

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Julie A. Mussino, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on April 26, 2011, alleging an inability to work since June 17, 2009, due to depression, anxiety, possible bipolar, fibromyalgia, diabetes, asthma, possible COPD, heart disease, memory loss and carpal tunnel syndrome. (Tr. 100-101, 136, 140). An administrative hearing was held on August 9, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 27-42).

By written decision dated October 26, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - depression, anxiety, borderline personality disorder, and mood disorder. (Tr. 13). However, after reviewing

all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is able to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience involving several variables and judgment within limits; and supervision required is little for routine but detailed for non-routine work.

(Tr. 16). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as cook helper at a hotel and restaurant, cleaner at a hospital, and maid/housekeeping cleaner.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 19, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from

doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in finding Plaintiff did not suffer from any severe physical impairments: 2) The ALJ erred in finding Plaintiff's impairments did not meet a Listing; 3) The ALJ erred in his RFC determination; 4) The ALJ erred in his credibility findings: and 5) The ALJ erred in determining there were jobs Plaintiff could perform. (Doc. 12).

#### A.   Severe Impairments:

Plaintiff argues that she suffered from other physical impairments that were severe, such as hypertension and diabetes mellitus, asthma, issues with her hands and feet, and neck, back and hip pain.

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

-4-

In this case, the ALJ carefully addressed Plaintiff's alleged other impairments. He concluded that Plaintiff's hypertension and diabetes mellitus were well controlled with medication; that as to Plaintiff's asthma, she was not always compliant with using her inhalers or taking other medication as prescribed; that as to her hands and feet, a nerve conduction study was suggested but never performed; that Tinel's and Phalen's tests of the wrists were negative and she had 5/5 strength in fingers and hands; that pulmonary function testing in August 2011 was normal; that as to her neck, back, and hip pain, x-rays were negative, and that although a diagnosis of fibromyalgia was suggested based on neck pain, no further development was indicated. (Tr. 13-14). The ALJ concluded that fibromyalgia, diabetes, asthma/COPD, heart disease/palpitations, memory loss, carpal tunnel syndrome, high blood pressure, incontinence, and obesity were non-severe. (Tr. 14).

The Court finds the evidence of record supports the ALJ's conclusions, and that the alleged impairments other than Plaintiff's mental impairments were non-severe. The Court notes that on April 7, 2010, Plaintiff's blood sugar was reported as good (Tr. 280); on May 12, 2010, Plaintiff's blood pressure was reported as stable (Tr. 283); on November 9, 2010, Plaintiff was reported as being non-compliant with her inhalers (Tr. 295); on November 9, 2010, Plaintiff states she did not need the nerve conduction velocities (Tr. 297); on July 7, 2011, Plaintiff reported she could walk about 3 miles on flat ground (Tr. 205); Plaintiff had no problem with personal care (Tr. 170); on October 14, 2011, x-rays of Plaintiff's chest revealed no evidence of infiltrate or consolidation (Tr. 384); and on February 24, 2012, it was reported that x-rays of Plaintiff's hip showed normal alignment of bones without evidence of acute or significant chronic changes, with fairly well-preserved joint space that was age-appropriate (Tr. 399).

There is no indication in the record that any of the alleged physical impairments had more than a minimal effect on Plaintiff's ability to work.

Based upon the foregoing as well as those arguments contained in Defendant's well-reasoned brief, the Court finds there is substantial evidence to support the ALJ's findings regarding Plaintiff's severe impairments.

### B.     Failure to Meet a Listing:

Plaintiff argues that the ALJ did not consider the combined effects of her impairments. The Court disagrees.  In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 12).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr.12).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 12).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments.  (Tr. 14).  This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Plaintiff also argues that based upon Dr. Richard Back's opinion, Plaintiff met listing 12.04, 12.06 and 12.08.  "The claimant has the burden of proving that his impairment meets or

-6-

equals a listing." Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "To meet a listing, an impairment must meet all of the listing's specified criteria." Id. "To establish equivalency, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" Carlson v. Astrue, 604 F.3d 589, 594 (8th Cir. 2010), quoting from Sullivan v. Zebley, 493 U.S. 521, 531 (1990). "[W]hen determining medical equivalency, an impairment can be considered alone or in combination with other impairments." Carlson, 604 F.3d at 595.

As noted by Defendant, the ALJ specifically considered Dr. Back's opinion and gave it some, but not great weight, as it was not consistent with other evidence in the record. (Tr. 20). Instead, the ALJ gave Dr. Terry Efird's assessment considerable weight, as it was consistent with evidence in the record. (Tr. 19). The Court believes the record as a whole supports Dr. Efird's opinion and the weight the ALJ afforded it, and that accordingly, Plaintiff's impairments did not meet Listing 12.04, 12.06 or 12.08.

### C. RFC Determination:

Plaintiff argues that the ALJ erred by "failing to properly incorporate the record-supported exertional and non-exertional limitations caused by Ms. Mussino's mental and physical impairments." (Doc. 12 at p. 12). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §

404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations. (Tr. 16). In making this finding, the ALJ considered Plaintiff's medical records, such as the fact that Plaintiff attended only one group therapy session after assessment, and considered and discussed the evaluations performed by Dr. Terry Efird, Ph.D., Kimberly Shuler, LCSW, of Ozark Guidance Center; Dr. Richard Back, Ph.D.; and the opinions of the state agency medical consultants. (Tr. 19-20). The ALJ also considered and discussed the third party function report dated August 13, 2011, completed by Plaintiff's friend, who indicated that Plaintiff was able to take care of her personal needs, cook, do laundry, housework and yard work as needed, drive, shop, and handle her finances. (Tr. 20). The ALJ noted Plaintiff's own function report, wherein Plaintiff indicated that she did not have any problems with personal care, was able to cook, do the laundry, sweep, mow a little at a time, shop, drive, and handle her finances. (Tr. 17). The ALJ also noted that Plaintiff stated that she had a friend who came by almost daily to visit, go to the store, watch movies, or go out to eat. (Tr. 17).

Based upon the foregoing as well as those arguments contained in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC

determination.

**D.     Credibility Findings:**

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ discussed Plaintiff's daily activities, noting that they were not limited to the extent Plaintiff contends. As stated earlier, she has no problems with personal care, shops, cleans, does laundry, mows the yard, and handles her finances. It is also noteworthy that Plaintiff never received any inpatient mental health services and received only limited outpatient counseling sessions. In addition, Dr. Efird noted that Plaintiff lived with a boyfriend of three years, and generally presented information in a fairly pleasant manner. (Tr. 310-311). On February 27, 2012, when meeting with Lee Christenson, LMSW, at Ozark Guidance Center,

Plaintiff reported that she was somewhat ambivalent about therapy, stating she did not know if she could change. (Tr. 417). She was also reported as very preoccupied with the looming disability hearing. (Tr. 417). At the hearing, Plaintiff testified that she had trouble getting out of bed, and that she had been trying to have a lot of counseling appointments just to keep her busy or have some place to go so she could get herself going for the day. (Tr. 35).

Based upon the foregoing as well as those arguments contained in Defendant's well-stated brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

### E.   Step Five Finding:

Plaintiff argues that because the ALJ's RFC determination failed to accurately reflect Plaintiff's actual limitations, the VE's testimony does not constitute substantial evidence to support a finding that Plaintiff is capable of performing the other jobs.

The ALJ presented the following hypothetical questions to the VE:

> Q: Hypothetical number one. Assume an individual with the same age, education and work experience as that of the Claimant, who has the ability to – actually there would be no exertional limitations, and is able to perform work where interpersonal contact is routine but superficial. Complexity of tasks is learned by experience. Several variables. Judgment within limitations; supervision required is little for routine but detailed for non-routine. Could an individual with these limitations perform Claimant's past work as it was actually performed or as it is customarily performed...?
> A: The Claimant's past work experience all involved transaction and interaction with the public. Therefore, based on the limitations you've stated, she could not return to any of her past work.
> Q: Addendum to hypothetical number one. Assume an individual with the same age, education and work experience as that of the Claimant, who has the residual functional capacity that we've just described. Would there be any jobs that this individual could perform that exist in the national or regional economies?
> A: Okay, one example of a job that would meet the limitations that you

>have stated in your hypothetical would be that of a cook helper at a hotel or restaurant....Another example would be that of a cleaner at hospital;...one example would be that of a maid or housekeeping cleaner.

(Tr. 37-39).

The Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's response to the hypothetical questions posed by the ALJ constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing the jobs of cook helper at a hotel or restaurant, cleaner at hospital, or maid or housekeeping cleaner. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 8th day of January, 2015.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)